# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICIA JONES,

    Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

    Garnishee.

Case No. 24-mc-51275
Hon. Jonathan J.C. Grey

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ON REQUEST FOR A WRIT OF GARNISHMENT (ECF No. 4)

On November 4, 2024, the government filed an application for a writ of continuing garnishment as to Defendant Patricia Jones and Garnishee the State of Michigan Department of Treasury. (ECF No. 1.) On November 5, 2024, the government's requested writ was issued. (ECF No. 3.) On December 6, 2024, Jones requested a hearing and claimed her property was exempted from garnishment under multiple exemptions. (ECF No. 4.) The government responded to Jones' request and claimed it

should be denied because she had no basis for her objection. (ECF No. 5.) For the below reasons, the Court **DENIES** Jones' request for a hearing.

I. BACKGROUND

On January 30, 2024, Jones pleaded guilty to one count of theft of government funds, in violation of 18 U.S.C. § 641. *United States v. Jones*, No. 23-20416, ECF No. 19 (E.D. Mich. Jan. 30, 2024). The Court ordered Jones to make restitution "in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution." (*Id.*) The government sought to collect on Jones' debt by requesting a writ of garnishment as to the Michigan Department of Treasury to collect against Jones' state income tax refunds. (ECF No. 5, PageID.25.) Jones has requested a hearing because she claims her property qualifies as the following and, therefore, is exempt from garnishment: unemployment benefits, undelivered mail, certain annuity and pension payments, and minimum exemption for wages, salary, and other income. (ECF No. 4, PageID.20–21.)

## II. LEGAL STANDARD

Under the Mandatory Victims Restitution Act ("MVRA"), "when sentencing a defendant convicted of an [applicable] offense . . . , the court shall order . . . that the defendant make restitution to the victim." 18 U.S.C. § 3663A(a)(1). The court may compel the defendant to make restitution by "issu[ing] a writ of garnishment against [the defendant's] property . . . in order to satisfy the judgment." 28 U.S.C. § 3205(a). The government may enforce these judgments against most types of property. 18 U.S.C. § 3613(a). However, property exempt from levy for taxes under 26 U.S.C. § 6334 cannot be garnished. *Id.* Debtors have a right to request a hearing to raise potential applicable exemptions. 28 U.S.C. § 3202(b). Nevertheless, "courts have denied hearings where the debtor has not objected based on one of the issues listed in § 3202(d), where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." *United States v. Kilpatrick*, No. 22-mc-51143, 2024 WL 4678871, at *2 (E.D. Mich. Nov. 5, 2024) (citation omitted).

## III. ANALYSIS

The government claims that it seeks to garnish Jones' state income tax refunds, which are not subject to any of the exemptions raised in

3

Jones' request. (ECF No. 5, PageID.27.) The Court agrees. Jones claims that her state income tax refunds are exempted as unemployment benefits, undelivered mail, certain annuity and pension payments, and the minimum exemption for wages, salary and other income. (ECF No. 4.) However, other courts in this district have found that state income tax refunds do not qualify as "undelivered mail," or "wages, salary and other income." *United States v. Bravata*, No. 14-50375, 2015 WL 4967044, at *2 (E.D. Mich. Aug. 19, 2015); *United States v. Lavigne*, 734 F. Supp. 3d 654, 658 (E.D. Mich. 2024) (citations omitted) ("Courts repeatedly have held that state income tax refunds are not exempt from garnishment."); *United States v. Budd*, No. 2:21-mc-50759, 2021 WL 5541936, at *2 (E.D. Mich. Aug. 31, 2021).

It is also clear that the refunds are not undelivered mail, because there is no evidence of mail being issued by the Michigan Department of Treasury concerning Jones' state income tax refunds. Similarly, the refunds are not unemployment benefits, because unemployment benefits are not paid out by the Michigan Department of Treasury. *See generally* Michigan Labor and Economic Opportunity, Unemployment Insurance Agency (UIA), [https://perma.cc/N2J9-UCJH] (stating that

4

unemployment benefits are paid through the UIA). Therefore, Jones has not offered any viable exemptions to justify a hearing.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Jones' request for a hearing (ECF No. 3) is **DENIED**.

**SO ORDERED.**

Date: August 26, 2025

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
